Khaled Mohammed SALEH, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 01–70853.

INS No. A70–546–288.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2002.

Decided Dec. 19, 2002.

---

Before TASHIMA, THOMAS, and PAEZ, Circuit Judges.

## MEMORANDUM *

Khaled Mohammed Saleh ("Saleh" or "Petitioner"), a citizen of Yemen, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal of the immigration judge's ("IJ's") denial of a request for asylum and withholding of deportation. The BIA had jurisdiction pursuant to 8 C.F.R. § 3.1. We have jurisdiction under § 106(a)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1105a(a)(1), as amended by the transitional rules for judicial review under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. 104–208, 110 Stat. 3009 (Sept. 30, 1996). Because the BIA failed to make an explicit credibility finding, we vacate the decision and remand.[1]

■ When the BIA conducts a de novo review of the IJ's decision, we review the BIA's decision, rather than the IJ's, except to the extent that the BIA expressly adopts the IJ's decision. *Salazar–Paucar*

*v. INS*, 281 F.3d 1069, 1073 (9th Cir.), *as amended by* 290 F.3d 964 (9th Cir.2002). Although the BIA affirmed the IJ's denial of relief, it explained its rationale with citations to the testimony and relied only in part on the IJ's reasoning. After examining the record, the BIA concluded that Petitioner had not established eligibility for asylum and withholding of deportation. We therefore review the decision of the BIA.

■ In support of his application for asylum, Saleh offered a written application and his own testimony. The BIA raised doubts about Saleh's credibility, but did not make an explicit finding as to whether it found his testimony to be credible. For example, the BIA "concur[red] with the IJ's determination that the respondent's testimony was unclear and that he failed to present a coherent account of the basis of his fear." The BIA noted the IJ's observation that Saleh was a "reluctant witness, that answers were difficult to elicit, and that some of his testimony was inconsistent." The BIA also found unpersuasive Saleh's explanation for failing to bring copies of newspaper articles he purportedly authored to the hearing or to mention them in his asylum application. Despite these comments, however, the BIA never found Saleh's testimony to lack credibility; instead, it concluded that he had not met his burden of proof and persuasion.[2]

Adverse credibility findings must be explicit. *Shoafera v. INS*, 228 F.3d 1070, 1074 n. 3 (9th Cir.2000) ("[T]he law of this circuit does not permit implicit adverse credibility determinations."); *see also Aguilera–Cota v. INS*, 914 F.2d 1375, 1383

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Because the parties are familiar with the facts and prior proceedings in this case, we

will not repeat them here, except to the extent necessary to explain our reasoning.

2. Citing *Sidhu v. INS*, 220 F.3d 1085 (9th Cir.2000), the BIA stated that "[w]hen an Immigration Judge either does not believe an alien or does not know what to believe, the

(9th Cir.1990) ("[IJ's] mere statement that a petitioner is 'not entirely credible' is not enough."). In *Hartooni v. INS,* 21 F.3d 336, 342 (9th Cir.1994), the BIA raised doubts about the asylum applicant's truthfulness but failed to provide an adequate finding regarding ·credibility. We therefore remanded in that case so that the BIA could make an explicit credibility determination. *Id.* at 343.

Based on the foregoing, we vacate the decision of the BIA and remand for a specific finding regarding Petitioner's credibility.

**PETITION FOR REVIEW GRANT-ED; decision VACATED and REMAND-ED.**

---

alien's failure to corroborate his testimony can be fatal to his asylum application." However, *Sidhu* indicates only that failure to provide easily available corroborating evidence can support a finding that testimony is not credible. It does not address a situation where the factfinder fails to make a credibility finding.

